## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **ROBIN BLACK**, on behalf of herself and all others similarly situated, | Civil Case No.: 1:21-cv-3745 |
| *Plaintiff,* | **COMPLAINT - CLASS ACTION** |
| v. | |
| **FIRST IMPRESSION INTERACTIVE, INC.**, an Illinois corporation; **JEFFREY GILES**, an individual; and **DALE BROWN**, an individual, | |
| *Defendants.* | |

## INTRODUCTION

1.      This action arises out of Defendants First Impression Interactive, Inc., Jeffrey Giles and Dale Brown's (collectively, "Defendants") practice of making autodialed, prerecorded telemarketing calls to individuals on the National Do-Not-Call Registry without prior express written consent (or any consent whatsoever) from the called parties, in violation of two separate provisions of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A)(iii) and 47 U.S.C. § 227(c).

2.      Defendant First Impression Interactive, Inc. is an Illinois marketing company run by Defendants Jeffrey Giles and Dale Brown that specializes in "lead generation."

3.      First Impression places autodialed, prerecorded telemarketing calls in an effort to generate leads.

4.      Plaintiff has done no business with Defendants and has never provided Defendants with prior express written consent to call her cellular telephone number registered on the National Do-Not-Call Registry.

5.     Accordingly, Plaintiff brings this TCPA action on behalf of herself and two classes of similarly situated individuals under 47 U.S.C. §§ 227(b) and 227(c).

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

7.     This Court has personal jurisdiction over Defendant First Impression Interactive, Inc. because it is incorporated in Illinois and its principal place of business is in Illinois.

8.     This Court has personal jurisdiction over Defendants Jeffrey Giles and Dale Brown because they are domiciled in Illinois.

9.     This Court has personal jurisdiction over all Defendants because the Defendants transacted business and committed tortious acts within this District and Plaintiff's claims arise from those activities.

10.     Venue is proper in this District because Defendants conduct significant amounts of business transactions within this District and because some of the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

## PARTIES

11.     Plaintiff Robin Black ("Black") is, and at all times mentioned herein was, a citizen and resident of Brentwood, Tennessee.

12.     Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

13.     Defendant First Impression Interactive, Inc. ("First Impression") is an Illinois corporation with its principal place of business in Illinois.

14.     First Impression filed Articles of Dissolution on May 27, 2021.

15.     Defendant Jeffrey Giles ("Giles") is an individual who resides in Illinois and owns First Impression.

16.     Defendant Dale Brown ("Brown") is an individual who resides in Illinois and is an officer of First Impression.

17.     On information and belief, First Impression is owned by Giles, and run by Giles and Brown as the company's officers.

18.     First Impression placed, or had placed on its behalf, automated, prerecorded or artificial voice calls in an effort to generate leads.

19.     As such, First Impression is directly liable for the violations of the TCPA alleged herein, or alternatively, is secondarily liable for these damages under principles of vicarious liability.

20.     On information and belief, Giles owned, operated, and/or financially benefitted from the unlawful conduct alleged in this Complaint.

21.     On information and belief, Giles had direct, personal participation in, and personally authorized, the conduct that violates the TCPA.

22.     Accordingly, Giles is directly liable for the damages alleged in this Complaint.

23.     Alternatively, Giles had the right and ability to supervise, direct, and control the unlawful conduct alleged in this Complaint, and derived a direct financial benefit from the unlawful conduct.

24.     As such, Giles is subject to liability for the unlawful conduct alleged herein under principles of secondary liability, including, without limitation, *respondeat superior* and/or vicarious liability.

3

25.     On information and belief, Brown owned, operated, and/or financially benefitted from the unlawful activity alleged in this Complaint.

26.     On information and belief, Brown had direct, personal participation in, and personally authorized, the conduct that violates the TCPA.

27.     Accordingly, Brown is directly liable for the damages alleged in this Complaint.

28.     Alternatively, Brown had the right and ability to supervise, direct, and control the unlawful conduct alleged in this Complaint, and derived a direct financial benefit from the unlawful conduct.

29.     As such, Brown is subject to liability for the unlawful conduct alleged herein under principles of secondary liability, including, without limitation, *respondeat superior* and/or vicarious liability.

30.     Defendants are, and at all times mentioned herein were, "persons" as defined by 47 U.S.C. § 153(39).

## **GENERAL FACTUAL ALLEGATIONS**

31.     First Impression makes unsolicited telemarketing calls under the false pretenses that it is a job matching service.

32.     In reality, the calls transition into a campaign to persuade the individuals to return to and enroll in school programs marketed by First Impression, so they could purportedly become more marketable for future job opportunities.

33.     These telephone calls utilize sound board technology to play an artificial voice and/or prerecorded voices messages to the called party that interact with the called party.

34.     For example, in the calls to Plaintiff, the artificial and/or prerecorded voice represents that it is calling on behalf of a service called "EDU Matcher."

4

35.     Calls often begin by offering to match job seekers with supposed open employment positions.

36.     The artificial and/or prerecorded voice boasts about "quite a big database of jobs" and seeks to gather information from the called party to purportedly match the called party with various jobs.

37.     The artificial and/or prerecorded voice states that it will provide the called party with a list of jobs to apply to via email.

38.     Upon information and belief, Defendants have no serious intention of actually matching the called party with a job opportunity or sending them information regarding jobs via email.

39.     Upon information and belief, the stated "job matching" function of the call is a tactic deployed prior to an attempt to convert the called party into a "student" lead that can be sold to one of First Impression's partners or clients.

40.     The artificial and/or prerecorded voice then suggests that the called party consider furthering their education.

41.     The artificial and/or prerecorded voice states that "part of our service is we want to make you more marketable to employers", and then transitions to marketing education services and programs.

42.     Because each of these calls were advertising products and/or services, they constitute telemarketing and telephone solicitations pursuant to 47 U.S.C. § 227(a)(4), and 47 C.F.R. § 64.1200(f)(15).

**PLAINTIFF ROBIN BLACK'S FACTUAL ALLEGATIONS**

43.     Black is the user of a cellular telephone number ending in 8324.

44.     Black's telephone number ending in 8324 has been on the National Do-Not-Call Registry since November 17, 2004.

45.     Black received six (6) of Defendants' prerecorded telephone calls as described herein.

46.     These telephone calls using artificial or prerecorded voices include calls on February 9, 2021, February 10, 2021, February 11, 2021, March 8, 2021, March 31, 2021 (twice).

47.     Black never provided prior express written consent (or any consent) to Defendants for these telephone calls.

## DEFENDANTS' LIABILITY

48.     Because Defendants' calls constitute telemarketing, Defendants were required to obtain prior express written consent from the persons to whom Defendants made calls. *See* 47 U.S.C. § 227(b); 47 C.F.R. § 64.1200.

49.     "Prior express written consent" is specifically defined as:

> [A]n agreement, in writing, bearing the signature of the person called <u>that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice</u>, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered.

47 C.F.R. §64.1200(f)(8) (emphasis added).

50.     Black never provided Defendants with any consent, written or otherwise.

51.     Accordingly, each of Defendants' telemarketing calls to Black using an automatic telephone dialing system and artificial or prerecorded voice violated 47 U.S.C. § 227(b).

52.     For violations of 47 U.S.C. § 227(b), Plaintiff is entitled to a minimum of $500 per call.

6

53.     Plaintiff is entitled to up to $1500 per call if Defendants' actions are found to be knowing or willful.  47 U.S.C. § 227(b)(3)(C).

54.     In addition, the TCPA prohibits making "any telephone solicitation" to a telephone number on the National Do-Not-Call Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c).

55.     Plaintiff's number was on the National Do-Not-Call Registry prior to Defendants' calls.

56.     While the exact number of calls to Plaintiff's telephone number will be determined in discovery, Plaintiff has received more than two (2) such telemarketing calls in a 12-month period, as required by 47 U.S.C. § 227(c) for violations of § 227(c).

57.     Accordingly, for violations of 47 C.F.R. § 64.1200(c), Plaintiff is entitled to an additional $500 per call.

58.     Plaintiff is entitled to an additional $1500 per call if Defendants' actions are found to be knowing or willful.

59.     Plaintiff has suffered concrete harm because of Defendants' unwanted and unsolicited telemarketing calls, including, but not limited to:

- Lost time tending to and responding to the unsolicited calls;
- Invasion of Privacy; and
- Nuisance.

60.     These forms of actual injury are sufficient for Article III standing purposes.  *See Albrecht v. Oasis Power, LLC*, Civ. No. 18 C 1061, 2018 U.S. LEXIS 174970, at *2-6 (N.D. Ill. Oct. 11, 2018).

## CLASS ACTION ALLEGATIONS

61.     Plaintiff brings this action under Fed. R. Civ. P. 23 on behalf of two categories of

proposed "Classes," defined as follows:

## THE CLASSES

The TCPA 227(b) Class: Since July 14, 2017, all persons within the United States
to whose telephone number Defendants placed (or had placed on their behalf) a
prerecorded or artificial voice telemarketing call, or to whose cellular telephone
number Defendants placed (or had placed on their behalf) a call using an automatic
telephone dialing system.

The TCPA 227(c) Class: Since July 14, 2017, all persons within the United States
to whose telephone number Defendants placed (or had placed on their behalf) two
or more telemarketing calls in a 12-month period when the telephone number to
which the telephone calls were made was on the National Do-Not-Call Registry at
the time of the calls.

(The TCPA 227(b) Class and the TCPA 227(c) Class are collectively referred to herein as the

"Classes.")

62.     Excluded from the Classes are Defendants and any entities in which Defendants

have a controlling interest; Defendants' agents and employees; any Judge and Magistrate Judge to

whom this action is assigned and any member of their staffs and immediate families; and any

claims for personal injury, wrongful death, and/or emotional distress.

63.     The Members of the Classes for whose benefit this action is brought are so

numerous that joinder of all members is impracticable, as the Classes are comprised of hundreds,

if not thousands, of individuals.[1]

---

[1] Numerous consumers have made online complaints describing calls identical to the calls Plaintiff received.
*See*, *e.g.*, https://www.everycaller.com/phone-number/1-315-237-6538/ (last accessed July 1, 2021);
https://800notes.com/Phone.aspx/1-206-429-9298 (last accessed July 1, 2021); https://lookup.robokiller.com/p/918-907-3502 (last accessed July 1, 2021); https://whocallsme.com/Phone-Number.aspx/5629126555 (last accessed July
1, 2021); https://www.nomorobo.com/lookup/385-220-0460 (last accessed July 1, 2021).

64. The exact number and identities of the persons who fit within the Classes are ascertainable in that Defendants and third parties maintain written and electronically stored data showing:

      a. The time period(s) during which Defendants placed their calls;

      b. The telephone numbers to which Defendants placed their calls;

      c. The telephone numbers for which Defendants had prior express written consent;

      d. The purposes of such calls; and

      e. The names and addresses of Class members.

65. There are common questions of law and fact affecting the rights of the Members of the Classes, including, *inter alia*, the following:

      a. Whether Defendants (or someone acting on their behalf) used an automatic dialing system or prerecorded voice in placing the calls;

      b. Whether Defendants (or someone acting on their behalf) obtained prior express written consent;

      c. Whether Defendants (or someone acting on their behalf) make solicitations and telemarketing calls to telephone numbers registered on the National Do-Not-Call Registry;

      d. Whether Plaintiff and the Classes were damaged thereby, and the extent of damages for such violations; and

      e. Whether Defendants should be enjoined from engaging in such conduct in the future.

66.     Plaintiff is a member of the Classes in that Defendants placed two or more prerecorded telemarking calls using an automatic telephone dialing system to her phone in a one-year period when her telephone number was on the National Do-Not-Call Registry.

67.     Plaintiff's claims are typical of the claims of the Members of the Classes in that they arise from Defendants' uniform conduct and are based on the same legal theories as these claims.

68.     Plaintiff has no interests antagonistic to, or in conflict with, the Classes.

69.     Plaintiff will thoroughly and adequately protect the interests of the Classes, having retained qualified and competent legal counsel to represent her and the Classes.

70.     Defendants have acted and refused to act on grounds generally applicable to the Classes, thereby making injunctive and declaratory relief appropriate for the Classes.

71.     The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications.

72.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, *inter alia*, the damages suffered by each Class Member make individual actions uneconomical.

73.     Common questions will predominate, and there will be no unusual manageability issues.

**FIRST CAUSE OF ACTION**
**Violations of the TCPA, 47 U.S.C. § 227(b)**
**(On Behalf of Plaintiff and the TCPA 227(b) Class)**

74.     Plaintiff and the proposed TCPA 227(b) Class incorporate the foregoing allegations as if fully set forth herein.

75.     Defendants placed, or had placed on their behalf, prerecorded and autodialed telemarketing telephone calls to Plaintiff's and TCPA 227(b) Class Members' cellular telephone numbers without prior express written consent.

76.     Defendants have therefore violated 47 U.S.C. § 227(b).

77.     As a result of Defendants' unlawful conduct, Plaintiff and TCPA 227(b) Class Members are entitled to an award of $500 in statutory damages for each violation per call, pursuant to 47 U.S.C. § 227(b)(3)(B).

78.     Plaintiff and TCPA 227(b) Class Members are entitled to an award of treble damages in an amount up to $1,500 for each violation per call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(b)(3).

**SECOND CAUSE OF ACTION**
**Violations of the TCPA, 47 U.S.C. § 227(c)**
**(On Behalf of Plaintiff and the TCPA 227(c) Class)**

79.     Plaintiff and the proposed TCPA 227(c) Class incorporate the foregoing allegations as if fully set forth herein.

80.     Defendants placed, or had placed on their behalf, prerecorded and autodialed telemarketing telephone calls to Plaintiff's and TCPA 227(c) Class Members' telephone numbers.

81.     Plaintiff's and TCPA 227(c) Class Members' telephone numbers were all on the National Do-Not-Call Registry at the time of calls.

82.     Defendants placed two or more calls to Plaintiff and each TCPA 227(c) Class Member in a 12-month period.

83.     Plaintiff and TCPA 227(c) Class Members are entitled to an award of $500 in statutory damages for each violation per call, pursuant to 47 U.S.C. § 227(c)(5).

84.     Plaintiff and TCPA 227(c) Class Members are entitled to an award of treble damages in an amount up to $1,500 for each violation per call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(c)(5).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A.     An order certifying the Classes as defined above, appointing Plaintiff as the representative of the Classes, and appointing her counsel as Class Counsel;

B.     An order declaring that Defendants' actions, as set out above, violate 47 U.S.C. §§ 227(b) and (c);

C.     An award of injunctive and other equitable relief as necessary to protect the interests of the Classes, including, *inter alia*, an order prohibiting Defendants from engaging in the wrongful and unlawful acts described herein;

D.     An award of statutory damages;

E.     An award of treble damages;

F.     An award of reasonable attorneys' fees and costs, and

G.     Such other and further relief that the Court deems reasonable and just.

## **JURY DEMAND**

Plaintiff requests a trial by jury of all claims that can be so tried.

/s/ Thomas A. Zimmerman, Jr.
Thomas A. Zimmerman, Jr. (IL #6231944)
*tom@attorneyzim.com*
Jeffrey D. Blake
*jeff@attorneyzim.com*
ZIMMERMAN LAW OFFICES, P.C.
77 West Washington Street, Suite 1220
Chicago, Illinois 60602
(312) 440-0020 telephone
(312) 440-4180 facsimile
www.attorneyzim.com
*firm@attorneyzim.com*

Max S. Morgan, Esquire (pro hac vice to be filed)
Eric H. Weitz, Esquire (pro hac vice to be filed)
**THE WEITZ FIRM, LLC**
1528 Walnut Street, 4th Floor
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
max.morgan@theweitzfirm.com
eric.weitz@theweitzfirm.com

*Counsel for Plaintiff Robin Black*
*and the Proposed Classes*