**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ROBIN BLACK, on behalf of herself and all other similarly situated, | |
| Plaintiff, | No. 21 C 3745 |
| v. | Judge Thomas M. Durkin |
| FIRST IMPRESSION INTERACTIVE, INC.; JEFFREY GILES; and DALE BROWN, | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

Robin Black alleges that Defendants made autodialed, prerecorded telemarketing phone calls to individuals on the National Do-Not-Call Registry in violation of the Telephone Consumer Protection Act. Black has moved to amend her complaint to add two defendants: Boomsourcing, LLC and Boomsourcing, BPO, LLC (collectively, "Boomsourcing"). That motion is granted.

**Analysis**

Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires." By contrast, Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order "may be modified only for good cause." The Seventh Circuit has held that Rule 16's good cause standard applies to a motion to amend when a court has set a deadline for amendments. *See Bell v. Taylor*, 827 F.3d 699, 706 (7th Cir. 2016).

## I. Good Cause

Here, the Court entered the parties' joint proposed scheduling order which included a deadline to amend the complaint of June 3, 2022. *See* R. 36. Black filed this motion to amend after that date on October 31, 2022, so "good cause" is required to grant her motion to amend. "In making a Rule 16(b) good-cause determination, the primary consideration for district courts is the diligence of the party seeking amendment." *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011); *Peters v. Wal-Mart Stores E., LP*, 512 Fed. App'x 622, 627-28 (7th Cir. 2013) ("[T]he good-cause standard focuses on the diligence of the party seeking amendment, not the prejudice to the nonmoving party.").

Black filed this motion to amend almost five months after the original deadline. But a review of the progress of discovery shows that, while the original June 3 date was never formally extended, it became effectively obsolete. The initial scheduling order did not include a discovery deadline. At a status hearing in September 2022, the Court and parties contemplated that the November 1, 2022 deadline to file a class certification motion was functionally equivalent to a discovery deadline. But at that same hearing, Black's counsel noted that there were potentially discovery disputes on the horizon. And on October 26, 2022, Black filed a motion to compel. Four days later, Black filed this motion to amend along with an unopposed proposal to extend the discovery deadline to April 12, 2023. The Court eventually referred discovery and the pending motion to compel to Judge Finnegan, who then ordered the discovery deadline extended another six months to October 12, 2023.

Black has been seeking discovery from Boomsourcing since the outset of the case and that issue remains unsettled. Black believes that the relationship between the current Defendants and Boomsourcing is key to properly pursuing her claims. The motion to compel and discovery extensions are related to discovery on this issue. Defendants argue that Black should have moved to add Boomsourcing as a defendant as soon as Black became aware of the relationship. But Defendants do not allege that Black has ignored the case as a whole or lacked diligence in pursuing her claims in general. Rather, Defendants take issue with Black's decision to focus on pursuit of discovery before seeking to amend. Perhaps seeking to amend earlier would have been a more efficient route. But the Court cannot say that waiting—in the context of the course of the case as a whole—demonstrates a lack of diligence or a lack of good faith.

At bottom, Black believes that discovery has shown that Boomsourcing is a proper defendant and seeks to amend on that basis. That is a good faith basis to amend a complaint. And with discovery extended by agreement, there is sufficient time remaining in the case management schedule to complete any additional discovery the amendment may necessitate. There is no prejudice to Defendants here. Therefore, Black has demonstrated good cause to grant her leave to amend.

## II. Plausible Claims

Even with a showing of good cause, district courts have "broad discretion to deny leave to amend where . . . the amendment would be futile." *Fin. Fiduciaries, LLC v. Gannett Co.*, 46 F.4th 654, 667 (7th Cir. 2022). Whether a proposed claim is

3

futile is analyzed according to "the legal sufficiency standard of Rule 12(b)(6) to determine whether the proposed amended complaint fails to state a claim." *Kap Holdings, LLC v. Mar-Cone Appliance Parts Co.*, 55 F.4th 517, 529 (7th Cir. 2022).

A Rule 12(b)(6) motion challenges the "sufficiency of the complaint." *Berger v. Nat. Collegiate Athletic Assoc.*, 843 F.3d 285, 289 (7th Cir. 2016). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 646 (7th Cir. 2018).

### III. Personal Participation

Previously, the Court denied a motion to dismiss by defendants Jeffrey Giles and Dale Brown, finding that Black had plausibly alleged that they "personally participated" in the alleged phone calls. *See* R. 34. Defendants argue that if Black's theory is that Giles and Brown personally made the phone calls, it is futile to also allege that they hired Boomsourcing to make the calls. But as the Court explained in denying the motion to dismiss, "personal participation" can simply mean that Giles and Brown "authorized" the phone calls. *See* R. 34 at 7 (*Black v. First Impression Interactive, Inc.*, 2022 WL 169652, at *3 (N.D. Ill. Jan. 19, 2022) ("These courts have found corporate officers personally liable if they had 'direct, personal participation in or personally authorized the conduct found to have violated the statute, and was not merely tangentially involved.'" (citing *Physicians Healthsource, Inc. v. A-S Medication Sols. LLC*, 324 F. Supp. 3d 973, 983 (N.D. Ill. 2018); *Texas v. Am. Blastfax, Inc.*, 164 F. Supp. 2d 892, 892 (W.D. Tex. 2001))). Black alleges that Giles and Brown contracted with Boomsourcing to make the calls. This plausibly states a claim that Giles, Brown, and Boomsourcing are all liable for violating the TCPA.

### IV. Immunity

Defendants also argue that the amendment to add Boomsourcing is futile because it is immune from TCPA liability as a common carrier. The TCPA "generally does not apply to common carriers." *Payton v. Kale Realty, LLC*, 164 F. Supp. 3d 1050, 1055 (N.D. Ill. 2016) (citing S. Rep. No. 102-78 (1991), 1991 WL 211220, at *9).

Even if an entity is a "common carrier," however, it "may be held liable for the unlawful activities of its users if it is found that the carrier: (1) exercised a high degree of involvement with the unlawful activity, or (2) had actual notice of an illegal use of its services." *Payton*, 164 F. Supp. 3d at 1057. Defendants argue that Black "does not plead any facts demonstrating such a degree of involvement by Boomsourcing" necessary to avoid immunity as a common carrier. *See* R. 50 at 2. But immunity is generally an affirmative defense, and "a plaintiff need not, in a complaint, anticipate an affirmative defense." *Myers v. Noble*, 2023 WL 1514439, at *1 (7th Cir. Feb. 3, 2023). It is possible for a plaintiff to plead "facts showing that [the plaintiff] must lose under [an affirmative] defense, [such that] a district court may dismiss the complaint on that basis." *Id.* But Defendants do not argue that any of Black's allegations require finding that Boomsourcing is an immune common carrier as a matter of law at the pleading stage. And in general, whether an entity is a "common carrier" is a fact-intensive inquiry that courts generally leave to summary judgment. *See, e.g.*, *Laccinole v. Appriss, Inc.*, 453 F. Supp. 3d 499, 503 (D.R.I. 2020); *Linlor v. Five9, Inc.*, 2017 WL 2972447, at *4 (S.D. Cal. July 12, 2017); *see also Payton*, 164 F. Supp. at 1055 (deciding the issue on summary judgment). An issue that is generally not amenable to decision until summary judgment is certainly not a basis to deny a motion to amend as futile.

## Conclusion

Therefore, Defendants' motion to amend [46] is granted.

ENTERED:

*Thomas M Durkin*
_____
Honorable Thomas M. Durkin
United States District Judge

Dated: February 13, 2023

7