# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **ROBIN BLACK**, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>  v.<br><br>**FIRST IMPRESSION INTERACTIVE, INC.; JEFFREY GILES; and DALE BROWN**,<br><br>       Defendant. | Case No. 1:21-cv-03745<br><br>Honorable Lindsay C. Jenkins<br>Magistrate Judge Sheila M. Finnegan |

## DEFENDANTS' RENEWED MOTION TO COMPEL INSPECTION OF PLAINTIFF ROBIN BLACK'S ELECTRONIC DEVICES

Defendants First Impression Interactive, Inc., Jeffrey Giles, and Dale Brown (collectively "Defendants"), by and through their attorneys, MILLER, CANFIELD, PADDOCK & STONE, P.L.C., for their Renewed Motion to Compel Inspection of Plaintiff's Electronic Devices, against Plaintiff Robin Black (hereinafter "Plaintiff"), state as follows:

## INTRODUCTION

This dispute is simple and limited. The Court ordered Plaintiff to decide if she wants to conduct an inspection and produce "the information sought by Defendants" contained on her personal electronic devices. ECF No. 104, PageID:1250. Plaintiff elected to "retain a vendor to conduct an inspection of Ms. Black's telephone and computer." *See* Meet and Confer Correspondence, Exhibit 1. Thus, the parties agree that Plaintiff's computer will be forensically searched.[1] But, the parties disagree regarding the scope of that search. On this limited issue,

---

[1] Although, the parties now agree, it is worth noting that Courts have ordered forensic searches when a protective order has been entered to protect that party's privacy. *See e.g. Belacastro v.*

1

Defendants attempted to meet and confer with Plaintiff on multiple occasions. *See e.g.* Ex. 1. Yet, those conversations have proved to be unproductive. As such, Defendants now move this Court for the relief requested in their initial motion to compel.

## BACKGROUND

This disagreement stems from this Court's Order of June 6, 2023.[2] *See* ECF No. 104, PageID.1250-51. In that Order, the Court stated that: if Plaintiff elected to hire an inspection vendor, then the parties were to meet and confer "about the vendor, the vendor's suggested protocol, and other matters relevant to the inspection"[3] *Id.* at PageID.1250. Plaintiff elected to have her computer forensically searched in accordance with the terms set forth in the Court's Order. *See* Ex. 1. But, throughout the parties' meet and confer process, Plaintiff then repeatedly refused to allow an inspection of her computer for the dates requested by Defendants' motion. *Id.* Plaintiff insisted that the forensic search should be limited to "the dates identified by" certain documents contained in Defendants' document production. *Id.* Defendants do not agree with this new limitation.

As Defendants' counsel previously explained, this limitation is wholly unacceptable. *See id.* Plaintiff offered to only provide information from "two or three 'dates identified' in

---

*United Airlines, Inc.*, No. 17 C 1682, 2019 WL 7049914 at *2-3 (N.D. Ill. Dec. 23, 2019). Further, Plaintiff's case that stands for proposition that forensic examination is "a drastic step" is hardly applicable: that case involved a situation where a party sought a forensic inspection of several commercial computers—in China—after already receiving nearly 3 million pages of documents. *See Motorola Solutions, Inc. v. Hytera Commc'ns Corp.* 314 F. Supp. 3d 931, 940-41 (N.D. Ill. 2018). These facts do not even remotely resemble a limited inspection of Plaintiffs' personal electronic devices.

[2] In *Defendant's Motion to Compel Inspection of Plaintiff Robin Black's Computers, Give Her Deposition Testimony in Chicago and Pay Defendants' Legal Fees in Having to Bring this Motion*, Defendants set forth the basic facts of this dispute and will not burden the Court with a lengthy recitation of the background facts in this case.

[3] If Plaintiff choose not to hire and conduct an inspection, then Defendants would have an opportunity to hire an inspector and conduct an inspection.

[Defendants'] discovery responses." *Id.* Further, Plaintiff asserts that only visits to the website youremployment.com should be included in the search, despite knowing that the rest of Plaintiff's browsing history is relevant to Defendants' defense. *Id.* Additionally, contrary to Plaintiff's repeated unsupported assertions, Defendants' initial request was extremely limited in scope. Defendants asked for an inspection "done by a third-party, very limited in scope of time (January 2020 to December 31, 2021)." ECF No. 93, PageID.1044. Also, Defendants maintain that this search should include Plaintiffs' browser history (for the websites mentioned herein) because these websites are relevant to Defendants' defenses. Accordingly, given the parties failed attempts to resolve this dispute through the meet and confer process, Defendants now bring this renewed motion to compel.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 37, a party is permitted to move to compel discovery when another "party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested by under Rule 34." Fed. R. Civ. P. 37 (a)(3)(B)(iv). Further, under Rule 34, a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 34 (a) (incorporating Fed. R. Civ. P. 26 (b)(1)). This Court has broad discretion to determine whether this standard has been met and its decision will not be overturned absent an abuse of discretion resulting in actual and substantial prejudice. *See Packman v. Chicago Tribune Co.*, 267 F.3d 628, 647 (7th Cir. 2001).

## ARGUMENT

In general, "the scope of relevance for discovery purposes is necessarily broader than it is for trial evidence." *See Coleman v. Illinois*, No. 19 C 3789, 2020 WL 5752149 (N.D. Ill. Sept.

25, 2020) (citations omitted).  However, the test for relevance at trial is already exceptionally broad requiring only that the document "has any tendency to make a fact more or less probable than it would be without the evidence" and that "the fact is of consequence in determining the action."  Fed. R. Evid. 401.  Further, "[w]hile relevancy objections may be raised by parties to litigation, courts have treated the issue of relevancy with great flexibility and liberality."  *Alliance to End Repression v. Rochford*, 75 F.R.D. 441, 444 (N.D. Ill. 1977).  As such, "[i]f relevance is in doubt, courts should err on the side of permissive discovery.  *Wiginton v. CB Richard Ellis, Inc.*, 229 F.R.D. 568, 577 (N.D. Ill. 2004).

I. **DEFENDANTS ARE ENTITLED TO KNOW EVERY TIME THAT PLAINTIFF VISITED THEIR WEBSITE AND NOT JUST THE TIMES THAT DEFENDANTS HAVE ALREADY DISCLOSED.**

Plaintiff should be required to allow a forensic inspector to discover all times that she visited Defendants' website.  But, Plaintiff is objecting to this request, claiming the only relevant dates are the dates that Defendant has currently identified as problematic.  Plaintiff maintains this position despite her consistent statements that she never visited the website.  These statements go to the very heart of this case.  Accordingly, Plaintiff's position runs contrary to the liberal discovery rules enforced by federal courts.  *See* Fed. R. Civ. P. 26(b)(1).

One of Defendants' defenses is that Plaintiff consented to be called under the requirements set forth by the Telephone Consumer Protection Act ("TCPA").  *Blow v. Bijora, Inc.*, 855 F.3d 793, 803 (7th Cir. 2017) (finding that consent is a defense to a TCPA claim). Plaintiff contends that she never entered her information into Defendants' website, never even visited the website, and never consented to be called. ECF No. 99, PageID.1118 (stating "Ms. Black denies that **she ever visited** youremployment.com and she denies she ever provided her consent to receive Defendants' prerecorded calls.  *See* Declaration of Robin Black ("Black

Decl.") at ¶¶ 5-8" (emphasis added)). Consequently, if it turns out that Plaintiff did visit the website, then this fact supports Defendants' defense and frankly a finding of perjury. Simply put, Plaintiff cannot claim her Declaration stands for the proposition that she *categorically never* visited Defendants' website, then object when Defendants' attempt to obtain discovery regarding whether that claim was true. This information is discoverable, and Plaintiff has no basis to claim otherwise.

## II. THE ADDITIONAL WEBSITES, AND PREVIOUSLY REQUESTED TIME PERIOD, ARE RELEVANT TO DEFENDANTS' DEFENSES.

The information regarding the additional websites, from January 2020 through December 31, 2021, is relevant to determine whether there are facts to support Plaintiffs' alleged harm. If Plaintiff's "only purpose in using her cell phones is to file TCPA lawsuits, the calls are not 'a nuisance and an invasion of privacy.'" *Stoops v. Wells Fargo Bank, N.A.*, 197 F. Supp. 3d 782, 800 (W.D. Penn. 2016). Under such circumstances, Plaintiffs' injury is self-caused and not redressable by an Article III court. *See id.* at 801-03, 07 (granting summary judgment in favor of a defendant on a TCPA claim). As such, documents that tend to make this defense more likely to be true than not—would be plainly relevant—to the parties' claims and defenses.

Here, Defendants already have evidence that Plaintiff's only purpose in initiating the call was to ultimately file a TCPA lawsuit against them. Less than a year ago, on a different TCPA claim, the United States District Court for the Middle District of Tennessee granted summary judgment, on a TCPA claim, against Robin Black. *See Black v. SunPath Ltd.*, No. 3:21-cv-00023, 2022 WL 4241270 (M.D. Tenn. Sept. 14, 2022). Further, Defendants have records that demonstrate Plaintiff entered her information into other websites for the purpose of eliciting a communication that could form the basis for a TCPA lawsuit. In particular, these records

5

demonstrate that Plaintiff visited the websites and used the email addresses listed in Exhibit B to Defendants' Amended First Requests for Inspection to Plaintiff Robin Black. *See* Defendants' Amended First Requests for Inspection to Plaintiff Robin Black, Exhibit 2. Defendants are entitled to know when Plaintiff visited these websites, as well as youremployment.com, because it makes it more likely than not that Plaintiff's motive and intent when visiting Defendants' website was to file a TCPA lawsuit. Additionally, through Defendants' diligent investigation, they found websites that Plaintiff may have visited. For example, Defendants now know that Plaintiff also likely visited candydir.com for the purpose of filing a TCPA lawsuit. Thus, Defendants are requesting this additional key word search term be added as well. Accordingly, this information should be produced because it is not only relevant, but also discoverable.

## **CONCLUSION**

WHEREFORE, Defendants First Impression Interactive, Inc., Jeffrey Giles, and Dale Brown respectfully move this Court for an order requiring Plaintiff to: (1) turn over her electronic devices to a third party to be inspected—for the dates between January 2020 to December 31, 2021—by a neutral inspector; (2) that the search include the key words listed in Exhibit B attached to Defendants' Amended First Requests for Inspection to Plaintiff Robin Black where Plaintiff entered her information for the arguable purpose of initiating a TCPA lawsuit; (3) that candydir.com be added to the list of key word search terms; and (4) granting any such further relief as the Court deems just and proper.

Respectfully submitted,

**FIRST IMPRESSION INTERACTIVE, INC., JEFFREY GILES, and DALE BROWN**

By: _/s/Cara M. Houck_
      One of Their Attorneys

Cara M. Houck
Jacob D. Koering
Miller, Canfield, Paddock and Stone, P.L.C.
227 West Monroe Street, Suite 3600
Chicago, IL  60606
(312) 460-4200
houck@millercanfield.com
koering@millercanfield.com

**CERTIFICATE OF SERVICE**

I hereby certify that on June 13, 2023, I caused a copy of the foregoing Defendants' Renewed Motion to Compel Inspection of Plaintiff Robin Black's Electronic Devices served on all counsel of record by Electronic Mail at the following addresses:

>Max S. Morgan (max.morgan@theweitzfirm.com)
>Eric H. Weitz (eric.weitz@theweitzfirm.com)
>The Weitz Firm, LLC
>1528 Walnut Street, 4th Floor
>Philadelphia, PA 19102
>*Attorneys for Plaintiff Robin Black*
>
>Thomas A. Zimmerman, Jr. (tom@attorneyzim.com)
>Jeffrey D. Blake (jeff@attorneyzim.com)
>Zimmerman Law Offices, P.C.
>77 West Washington Street, Suite 1220
>Chicago, Illinois 60602
>*Attorneys for Plaintiff Robin Black*
>
>David J. Kaminski (kaminskid@cmtlaw.com)
>Martin Schannong (schannongm@cmtlaw.com)
>Carlson & Messer LLP
>5901 West Century Boulevard, Suite 1200
>Los Angeles, CA 90045
>*Attorneys for Defendant BoomSourcing, LLC and BoomSourcing BPO*

Dated: June 13, 2023  /s/ Cara M. Houck
  Cara M. Houck
  Jacob D. Koering
  **MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.**
  227 West Monroe Street, Suite 3600
  Chicago, Illinois 60606
  Telephone: (312) 460-4200
  Facsimile: (312) 460-4201
  houck@millercanfield.com
  koering@millercanfield.com