# EXHIBIT

# 2

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |
|---|---|
| ROBIN BLACK, on behalf of herself and all others similarly situated, | |
| Plaintiff, | Case No. 21-cv-3745 |
| v. | Hon. Thomas M. Durkin |
| FIRST IMPRESSION INTERACTIVE, INC., an Illinois corporation; JEFFREY GILES, an individual; and DALE BROWN, an individual, | |
| Defendants. | |

## DEFENDANTS' AMENDED FIRST REQUESTS FOR
## INSPECTION TO PLAINTIFF ROBIN BLACK

Defendants Jeffrey Giles ("Giles"), Dale Brown ("Brown"), and First Impression Interactive, Inc. ("FII") request that Plaintiff Robin Black ("Plaintiff") produce the following items for inspection pursuant to Fed. R. Civ. P. 34. The items to be inspected must be produced within thirty (30) days from service and shall be produced in accordance with the Inspection Protocol attached hereto as **Exhibit 1** and will be subject to third-party forensic examination performed in accordance with that Protocol:

1.  Any Electronic Device (as defined below) used by Plaintiff from January 2020 to December 31, 2121.

2.  Any Electronic Device (as defined below) owned and/or used by Plaintiff for her personal use and/or that of her family;

3.  Any Electronic Device (as defined below) issued to or used by Plaintiff and still in Plaintiff's possession, custody, or control;

4.    Any Accounts (as defined below) used or maintained by Plaintiff since January 1, 2020, including but not limited to the end of 2021 (to be delivered by providing either a complete .pst file or, if web-based, the username and password for the account);

5.    Any phone, including but not limited to smartphones and/or mobile cellular telephones, used by Plaintiff since January 1, 2020 that is capable of sending or receiving text messages, including the password for such phone.

**DEFINITIONS**

Unless conclusively negated by the context of the request, the following definitions and instructions shall apply to and/or are deemed to be incorporated into each of the requests above:

A.    The term "Electronic Devices" shall mean all devices on which information may be electronically stored, including, by way of example and without limitation: desktop computers; laptop computers; tablets; computer hard drives (whether portable or not); thumb drives; MP3 players; and smartphones from January 1, 2020 to December 31, 2021.

B.    The term "Account" shall mean any storage model or system in which information, data, and Metadata is maintained remotely and made available to users over a network and any system for sending and receiving messages electronically over a computer network, as between devices, for the purpose of transmitting data and Metadata. "Account" means and will refer to, but is not limited to, email accounts and "cloud" storage accounts.

C.    The term "ESI" shall mean electronically stored information or data.

D.    The term "Plaintiff" shall mean Plaintiff Robin Black or anyone living in her household during the relevant time period of January 1, 2020 until December 31, 2021.

Respectfully submitted,

**FIRST IMPRESSION INTERACTIVE, INC., JEFFREY GILES, and DALE BROWN**

By:     */s/Cara M. Houck*
            One of Their Attorneys

Cara M. Houck
Jacob D. Koering
Miller, Canfield, Paddock and Stone, P.L.C.
227 West Monroe Street, Suite 3600
Chicago, IL  60606
(312) 460-4200
houck@millercanfield.com
koering@millercanfield.com

**EXHIBIT 1**

**INSPECTION PROTOCOL**

1.　　Plaintiff Robin Black ("Plaintiff") will allow for pick up, all of the Electronic Devices, Accounts and phones requested in Defendants' First Requests for Inspection to:

> Digital Forensics Corp.
> Attn: Juan Ramon Sepulveda Vega
> 4400 Renaissance Parkway
> Warrensville Heights, OH, 44128

so that Digital Forensics Corp. may conduct an independent forensic examination of those Electronic Devices, Accounts, and phones.

2.　　Digital Forensics Corp. will create a forensic image of the Electronic Devices, Accounts, and phones, and then examine those images for any files, data, or data fragments that meet the criteria set out in **Exhibit A** to this Inspection Protocol. Once the examination is complete, Digital Forensics Corp. will return the electronic media to the party that provided it.

3.　　Digital Forensics Corp. shall provide the parties with a report describing the computer equipment Plaintiff produced and Digital Forensics Corp.'s actions with respect to each piece of the equipment. This report shall include a detailed description of each piece of computer equipment inspected, copied, or imaged, including the name of the manufacturer of the equipment and its model number and serial number; the name of the hard drive manufacturer and its model number and serial number; and the name of any network card manufacturer and its model number, serial number, and the media access control address wherever possible.

4.　　Once Digital Forensics Corp. has created copies and images of Plaintiff's Electronic Devices, Accounts, and phones, it shall recover from the mirror images all incoming and outgoing emails and all ESI, including word-processing documents, PowerPoint or similar

presentations, spreadsheets, and other files, including but not limited to those emails and files that were deleted, and only those which meet the criteria set out in **Exhibit A**.

5.      Digital Forensics Corp. will remove from these results any emails or correspondence to or from The Weitz Firm, LLC and Zimmerman Law Offices, P.C., including any email address with the domain theweitzfirm.com and attorneyzim.com, and will not produce these emails or correspondence as described below.

6.      Digital Forensics Corp. shall provide the recovered emails and ESI, with the exception noted in Paragraph 5, in a reasonably convenient and searchable form to Defendants and Plaintiff. Along with the recovered emails and ESI, Digital Forensics Corp. shall provide, to the extent possible, a listing that shall identify all responsive ESI by file name, author, date of creation, date(s) of access, date(s) of modification, size, location, and, if applicable, date of deletion and any information about the deletion, and any available information about deleted files that could not be recovered; and for all responsive emails, the date, sender, recipients (including cc's and bcc's), subject/title, and any attachments (the "Listing").

7.      Nothing in this procedure shall preclude Defendants or Plaintiff from seeking additional discovery as may be permitted by applicable rules.

**EXHIBIT A**

Any electronically stored information, including, but not limited to, e-mail (to include web-based e-mail), e-mail attachments, files, deleted files, or file fragments, which meet any of the following criteria:

1.      Deleted, or attempted to be deleted on or after November 2020.

2.      Containing any of the key words listed in **Exhibit B** from January 1, 2020 to the present.

3.      Any evidence of the installation and/or usage of any anti-forensics or data-wiping or removal software.

4.      Any evidence of files saved to network storage devices (i.e., user or department shared folders on servers).

5.      Any evidence of the creation and/or burning of CDs or DVDs.

6.      Any evidence of the usage of external storage media, to include, but not be limited to, thumb or flash drives.

**EXHIBIT B**

1     Youremployment.com
2     Edu Matcher
3     Rblackal@gmail.com
4     Robinbthorpe@yahoo.com
5     Robinblack76@yahoo.com
6     Htthorpe@yahoo.com
7     Robin@robinthorpepiano.com
8     Robinthorpe@yahoo.com
9     Robinblack445@gmail.com
10    Robinblack30@yahoo.com
11    EducationDynamics
12    Indeed.com
13    robbin.black42@gmail.com
14    surveyclubfun.com
15    reg.foundmoneyguide.com
16    renttoownlistingz.com

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on February 27, 2023, I caused a copy of the foregoing **Defendants'**

**Amended First Requests for Inspection to Plaintiff Robin Black** to be served on all counsel of

record by Electronic Mail at the following addresses:

> Max S. Morgan (max.morgan@theweitzfirm.com)
> Eric H. Weitz (eric.weitz@theweitzfirm.com)
> The Weitz Firm, LLC
> 1528 Walnut Street, 4th Floor
> Philadelphia, PA 19102
> *Attorneys for Plaintiff Robin Black*
>
> Thomas A. Zimmerman, Jr. (tom@attorneyzim.com)
> Jeffrey D. Blake (jeff@attorneyzim.com)
> Zimmerman Law Offices, P.C.
> 77 West Washington Street, Suite 1220
> Chicago, Illinois 60602
> *Attorneys for Plaintiff Robin Black*
>
> David J. Kaminski (kaminskid@cmtlaw.com)
> Carlson & Messer LLP
> 5901 West Century Boulevard, Suite 1200
> Los Angeles, CA 90045
> *Attorneys for Defendant Boomsourcing, LLC*

Dated: February 27, 2023          */s/ Cara M. Houck*

> Cara M. Houck
> Jacob D. Koering
> **MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.**
> 227 West Monroe Street, Suite 3600
> Chicago, Illinois 60606
> Telephone: (312) 460-4200
> houck@millercanfield.com
> koering@millercanfield.com