UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **ROBIN BLACK**, on behalf of herself and all others similarly situated, <br><br> *Plaintiff*, <br><br> v. <br><br> **FIRST IMPRESSION INTERACTIVE, INC.**, an Illinois corporation; **JEFFREY GILES**, an individual; and **DALE BROWN**, an individual, **BOOMSOURCING, LLC,** a Utah limited liability company, **BOOMSOURCING BPO, LLC,** a Utah limited liability company, <br><br> *Defendants*. | Civil Case No.: 1:21-cv-3745 <br><br> **District Judge Lindsay C. Jenkins** <br><br> **Magistrate Judge Sheila M. Finnegan** |

**JOINT STATUS REPORT**

Pursuant to the Court's Orders of May 22, 2023, and June 7, 2023 (Dkt. Nos. 98 and 104), Plaintiff Robin Black ("Plaintiff"), Defendants First Impression Interactive, Inc., ("FII") Jeffrey Giles, and Dale Brown (collectively, "FII Defendants"), and BoomSourcing, LLC, and BoomSourcing BPO, LLC, (the "BoomSourcing Defendants") respectfully submit this joint status report and state as follows:

**I.    NATURE OF THE CASE**

The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law – the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Plaintiff alleges that Defendants are liable for making unsolicited telemarketing calls in violation of the TCPA's prohibition on the use of artificial or prerecorded voices, 47 U.S.C. § 227(b)(1)(A)(iii) (Count I) and the TCPA's National Do-Not-Call Registry rules, 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2) (Count II). Plaintiff seeks injunctive relief and maximum damages available under the TCPA. *See* 47 U.S.C. §§ 227(b)(3) and (c)(5) (providing for "both"


injunctive relief and the greater of actual damages or up to $500 per violation, or $1500 where statute was "willfully or knowingly" violated).

On October 1, 2021, Plaintiff filed her First Amended Complaint. (*See* Dkt. No. 20). On October 25, 2021, Defendants filed their Motion to Dismiss. (*See* Dkt. No. 24). On January 19, 2022, the Court denied Defendants' Motion to Dismiss. (*See* Dkt. No. 34). On February 13, 2023, Plaintiff filed her Second Amended Complaint adding BoomSourcing, LLC, and BoomSourcing BPO, LLC as Defendants. (*See* Dkt. No. 66). Defendant BoomSourcing, LLC filed their Answer to Plaintiff's Second Amended Complaint on May 1, 2023 (*See* Dkt. No. 91).

The attorneys of record for each party, including the lead trial attorneys are as follows:

| **For Plaintiff:** | **For FII Defendants:** |
|---|---|
| Thomas A. Zimmerman, Jr. (IL #6231944) (Lead) <br> Jeffrey D. Blake <br> *tom@attorneyzim.com* <br> *jeff@attorneyzim.com* <br> ZIMMERMAN LAW OFFICES, P.C. <br> 77 West Washington Street, Suite 1220 <br> Chicago, Illinois 60602 <br> (312) 440-0020 telephone <br> (312) 440-4180 facsimile <br> www.attorneyzim.com <br><br> Max S. Morgan, Esquire (admitted *pro hac vice*) (Lead) <br> Eric H. Weitz, Esquire (*pro hac vice* to be filed) <br> **THE WEITZ FIRM, LLC** <br> 1515 Market Street, #1100 <br> Philadelphia, PA 19102 <br> Tel: (267) 587-6240 <br> Fax: (215) 689-0875 <br> *max.morgan@theweitzfirm.com* <br> *eric.weitz@theweitzfirm.com* | Cara M. Houck <br> *Houck@millercanfiled.com* <br> Jake Koering <br> *Koering@millercanfield.com* <br> Miller, Canfield, Paddock and Stone, PLC <br> 227 West Monroe Street, Suite 3600 <br> Chicago, IL 60606 <br> (312) 460-4200 |
|  | **For BoomSourcing Defendants:** |
|  | David J. Kaminski <br> *kaminskid@cmtlaw.com* <br> Martin Schannong <br> *schannongm@cmtlaw.com* |

|  | Carlson & Messer LLP<br>5901 West Century Boulevard, Suite 1200<br>Los Angeles, CA 90045<br>(310) 242-2200 |
|---|---|

## II. PENDING MOTIONS AND CASE PLAN

### a. FII Defendants' Motion to Compel Inspection of Devices [ECF No. 93]

#### i. Plaintiff's Statement

In accordance with the Court's Order of June 6, 2023 [ECF No. 104], Plaintiff sought proposals from numerous vendors and has narrowed the field down to a few options. On June 9, 2023, Plaintiff informed Defendants that she would obtain a vendor and have her Apple laptop computer and iPhone inspected.[1] On June 12, 2023, Plaintiff and FII Defendants met and conferred telephonically to discuss, among other things, the inspection protocol, including the scope and nature of the search. Subsequent to the phone call, Plaintiff emailed FII Defendants the following proposal provided by Bob Olsen, a forensics consultant with Computer Forensics Resources[2], one of Plaintiff's potential vendors:

> Objective: To investigate websites visited on a specific day and time, and identify any activity associated with provided email addresses.
>
> Preparation:
> a. Obtain necessary legal authorization and documentation to conduct the search.
> b. Ensure you have access to appropriate forensic tools and software.
> c. Maintain a chain of custody for all collected evidence.
>
> Initial Assessment:
> a. Identify the computer and cell phone to be examined.
> b. Document the make, model, and serial numbers of the devices.
> c. Note the operating systems and versions installed on the devices.

---

[1] The only other device in Plaintiff's possession is an Apple iPad. Plaintiff purchased the iPad in approximately November 2021, months after the calls at issue in the case, the dates of Defendants' alleged consents, and after Defendants dissolved their company. Plaintiff is searching for documentation regarding the purchase date. It is Plaintiff's position that this iPad should not be included in the inspection as it would needlessly increase the cost of the inspection when Plaintiff did not even have the device when Defendant allege she provided her consent to be called.

[2] https://computerforensicsresources.com

3

Forensic Imaging:
a. Create a forensic image of the computer's hard drive and the cell phone's internal storage.
b. Use appropriate forensic imaging tools to ensure the integrity of the collected data.
c. Verify the integrity of the forensic images using hash values.

Timeline Analysis:
a. Examine the system clock settings on both devices to ensure accuracy.
b. Identify the specific day and time for which you are searching.
c. Analyze the computer's event logs, browser history, and cache files.
d. Extract browser artifacts, such as cookies and bookmarks, from the cell phone.
e. Cross-reference the timestamp of each artifact with the specified day and time.

Web Browser Examination:
a. Identify the web browsers installed on the computer and the cell phone.
b. Analyze the browser history, including visited URLs, timestamps, and page titles.
c. Extract cookies, cache files, and temporary internet files for further analysis.
d. Use forensic tools to parse browser artifacts and identify websites accessed.

Email Address Investigation:
a. Collect the provided email addresses for investigation.
b. Search the computer and cell phone for any email client applications.
c. Analyze email client databases, mail storage files, and associated metadata.
d. Use appropriate forensic tools to extract email artifacts and examine sent/received messages, attachments, and contact lists.
e. Search for any associations between the email addresses and other activities, such as web browsing, chat logs, or file transfers.

Documentation and Reporting:
a. Document all findings, including relevant artifacts, timestamps, and metadata.
b. Compile a comprehensive report detailing the search process, methodologies, and results.
c. Clearly present any relevant evidence related to visited websites or activities associated with the provided email addresses.
d. Include any relevant timestamps, screenshots, or extracted data to support your findings.

The FII Defendants have not provided any specific objections related to the above sample protocol, other than to the scope of the search – specifically the temporal limitations, websites to be searched, and the number of email addresses to be searched. Once the disputes as to the scope of the search are determined by the Court, Plaintiff intends to ask Mr. Olsen for a complete written protocol to present to the Court for approval.

The FII Defendants and Plaintiff disagree on the scope of the search. Plaintiff's proposal is that the search be done on her two devices: her Apple iPhone 13 and her Apple MacBook Air ("the Devices"). Plaintiff maintains that the inspection should be limited to: (1) determining whether FII Defendants obtained valid prior express written consent to place the calls to Plaintiff's phone number to solicit her with educational opportunities by Plaintiff inputting her phone number into the website "youremployment.com" on of the following dates: (a) December 20, 2020, (b) January 7, 2021, and (c) March 5, 2021; and (2) determining whether plaintiff used the email addresses associated with Defendants' consent records: (a) robinblack30@yahoo.com, (b) robinblack445@gmail.com, and (c) robin@robinthorpepiano.com.[3]

The three dates are the dates FII Defendants allege Plaintiff provided her consent to be called. *See* ECF No. 14-1 (Decl. of Defendant Jeffrey Giles). The email addresses are the emails shown on Defendant's consent records (FII0005-007) reproduced below:

---

[3] Plaintiff denies that the email addresses robinblack30@yahoo.com and robinblack445@gmail.com are associated with her. Plaintiff admits that the email address robin@robinthorpepiano.com was associated with her previously.



To the extent FII Defendants propose that the search include other websites, Plaintiff submits that such a search is not relevant to FII Defendants' consent defense. Plaintiff maintains that FII Defendants proposal to search her devices for activity on other websites is overbroad, not proportional to the needs of the case, harassing, and invasive. It will significantly increase the scope of the search, and the time and expense of the search for nothing relevant to the litigation. For example, FII Defendants do not suggest that these other websites provide Defendants with the requisite consent to call Plaintiff. Defendants do not identify any TCPA claims Plaintiff has asserted based on any calls received from allegedly visiting any other website the Defendants desire to search. Any evidence that Plaintiff's devices visited any other websites, without more,

6

does not support any of FII Defendants' claims or defenses and are not relevant and will simply confuse issues.

In addition, Plaintiff's proposal is that the Devices be searched to determine whether the Devices were used to visit the website youremployment.com and input information on the following three dates only, which according to FII Defendants' screenshots (reproduced above), are the dates Defendants claim she did: December 20, 2020; January 5, 2021, and March 5, 2021. Any other dates are simply irrelevant and will needlessly increase the cost of the search. Furthermore, Boomsourcing's records show the calls it placed on behalf of the FII Defendants occurred on 2/9/21, 2/10/21, 2/12/21, and 3/29/21. Any dates after March 29, 2021 would be irrelevant as consent must be *prior express written consent*.

With respect to the email addresses identified in Exhibit B of FII Defendants' Inspection Request, Plaintiff disagrees that all of the email addresses be searched for. Again, additional search items needlessly increase the cost of the inspection. Defendants do not contend that any of the emails (other than the three above) are associated with a consent record that generated the calls in this case. The inspection should be limited to the three email addresses identified on Defendants' alleged consent records and the report should indicate whether those email addresses were used by Plaintiff during the relevant time.

        ii.      **FII Defendants' Statement**

FII Defendants requested an inspection of all of the electronic devices Plaintiff used during January 1, 2020 to December 31, 2021. (ECF #93.) This request was also accompanied by a list of emails and websites that FII Defendants uncovered during the course of discovery. (ECF #93-4.) FII Defendants carefully narrowed the list to 16 items. (See Ex. B to ECF #93-4)
A hearing was held on FII Defendants' Motion to Compel, and this Court offered for Plaintiff to choose a vendor to inspection. Since that time, Plaintiff has attempted to rewrite Defendant's

Request for Inspection by limiting it to the initial three days FII Defendants sent to Plaintiff at the beginning of discovery instead of the two-year time limitation noted. As explained to Plaintiff's counsel on various occasions, the dates shown on the screen shots above only show the last time Plaintiff would have gone into that site. It does not show each time Plaintiff visited the sites and therefore is not in compliance with FII Defendants' Request.

Plaintiff also would like the search limited to one website, "youremployment.com." But, as noted in the FII Defendants' Renewed Motion to Compel Inspection of Robin Black's Electronic Devices, the additional websites are relevant to help establish whether Plaintiff entered information into other websites for the purposes of initiating a TCPA call. These limitations are not within the spirit of this Court flexible discovery rules.

Plaintiff also attempts to rewrite FII Defendants' Request by limiting it to three emails and not what is contained in FII Defendants' list of emails. For example, during the course of discovery, FII Defendants continue to uncover additional emails and websites that matches Plaintiff's telephone number and various emails used.

| Id | FName | LName | EmailAddress | PhoneNbr | LeadSource | IPAddress |
|---|---|---|---|---|---|---|
| 485076166 | Robin | Black | robinblack445@gmail.com | 6155198324 | reg.foundmoneyguide.com | N/A |
| 485472578 | Robin | Black | robinblack30@yahoo.com | 6155198324 | surveyclubfun.com | N/A |
| 485564357 | Robin | Black | robbin.black42@gmail.com | 6155198324 | Candydir.com | 65.82.131.225 |
| 487281491 | Robin | Black | robin@robinthorpepiano.com | 6155198324 | DataImportJob | 96.80.183.253 |

FII Defendants request that Plaintiff sign a sworn statement that she only used the two devices being offered, that she has not erased or removed her browser history, logs, and emails and that she did change the settings on her devices making FII Defendants requests terms unsearchable.

8

b. **Plaintiff's Discovery Requests to FII Defendants**

*Plaintiff:* On June 1, 2023, the FII Defendants produced (i) Second Amended Responses to Plaintiff's Second Set of Discovery Requests and (ii) Amended Responses to Plaintiff's Second and Third Set of Discovery.

On June 7, 2023, the parties held a meet-and-confer to discuss the remaining issues with these responses. In general, it is Plaintiff's position that documents are being withheld and certain of the responses are non-responsive. At the parties' meet-and-confer, Defendants agreed to conduct further searches and explain what is being searched and how. A summary of the discovery responses that remain at issue is provided below.

*FII Defendants:* Plaintiff's requests have branched out to the point that she offered to send a new request. In trying to fully comply with all of Plaintiff's requests, FII Defendants stated that they would continue searching and that Plaintiff did not need to send a new Request. The parties conducted a meet and confer one week ago and FII Defendants reported just yesterday that they will continue to search despite having turned over 11,000 pages of documents.

*__Second Amended Response to Plaintiff's Second Set of Discovery Requests__*

**RFP 53**.

*Plaintiff:* Plaintiff seeks the web server logs, access logs, error logs and referrer logs for the website "youremployment.com," particularly for the dates FII Defendants allege Plaintiff provided her consent via that website. FII Defendants did not produce records from those dates but produced them for a few dates in February 2021 only. FII stated that it is obtaining the information from its vendor. Plaintiff asked for clarification regarding what the vendor is being asked to search.

*FII Defendants:* FII Defendants requested all information from the vendor who created and ran the web site "youremployment.com." FII Defendants produced the entire zip drive received from their vendor in India which contains over 10,000 pages of documents. FII Defendants were told that the zip drive is the universe of documents they had. It should be noted that "youremployment.com" was closed when FII closed over two years ago due to effects the pandemic had on its business. FII was also a very small two-person company.

**RFPs 54 and 55**.

*Plaintiff:* Plaintiff seeks statistics about the website "youremployment.com", specifically, the number of unique leads per day and the number of visits to the website per day. Plaintiff intends to compare this information with the number of daily leads sent to Boomsourcing, as evidenced in the documents produced by Boomsourcing. FII Defendants' response does not indicate if its vendor has this information and what has been done to obtain this information from the appropriate vendor.

*FII Defendants:* FII Defendants have explained, on numerous occasions during the parties' meet and confer, that it never maintained the number of visits to the website per day. FII was a two-person company and the cost of paying for clicks to its website was not worth the information because FII did not get paid unless the person visiting the website actually opted in (signed up to be called). FII Defendants also produced all of the information it obtained from its vendor.

**RFP 82.**

*Plaintiff:* Plaintiff seeks documents and communications exchanged between FII Defendants and Boomsourcing relating to the negotiation and performance of the BoomSourcing Services Agreement. Boomsourcing advised there are over 70,000 communications between the

parties. The FII Defendants have produced only a few emails. Plaintiff believes many relevant documents and communications are being withheld.

*FII Defendants:* FII Defendants turned over all communications it could locate with BoomSourcing and Boomsourcing advised that it does not have 70,000 communications between the parties. FII Defendants will provide an Affidavit that it is not withholding any communications requested between it and Boomsourcing. FII was forced to close when the pandemic struck back in 2020. FII Defendants have turned over what they could locate, and they continue to do so.

**RFP 83**.

*Plaintiff:* Plaintiff seeks documents containing references to Daryl Gala. Boomsourcing produced documents evidencing that the FII Defendants sent Plaintiff's phone number to Boomsourcing on February 9, 2021 in connection with a lead with the name Daryl Gala. In addition, in a .csv file Dale Brown sent to Boomsourcing, Plaintiff's phone number was associated with the name Daryl Gala. Plaintiff believes the FII Defendants are withholding documents.

*FII Defendants:* FII Defendants requested its vendor to do a specific search for the name Daryl Gala and found nothing. FII Defendants have also conferred with Boomsourcing as to where that name came from and Boomsourcing does not have knowledge. All Defendants investigated that name and believe a person by the name does not exist.

**From:** Muhammad Usman
**Date:** June 13, 2023 at 9:06:24 AM PDT
**To:** Jeff Giles
**Subject: RE: More for Robin Black - Please Search Historical DB**

I search with first name and lname in all DBs. But no records found.

This is carrier info for DIDs.

```
{
    "altspid": "",
    "altspid_carrier_name": "",
    "altspid_carrier_type": "",
    "city": "NASHVILLE",
    "country": "United States",
    "error": "",
    "line_type": "1",
    "lrn": "6155198324",
    "ocn": "6006",
    "ported_date": "20020923040100",
    "ported_status": "N",
    "spid": "113939",
    "spid_carrier_name": "CELLCO PARTNERSHIP DBA VERIZON WIRELESS - CA",
    "spid_carrier_type": "1",
    "state": "Tennessee",
    "status": "",
    "tn": "6155198324"
}


    "altspid": "",
    "altspid_carrier_name": "",
    "altspid_carrier_type": "",
    "city": "CINCINNATI",
    "country": "United States",
    "error": "",
    "line_type": "1",
    "lrn": "5133823684",
    "ocn": "6006",
    "ported_date": "20031009000000",
    "ported_status": "N",
    "spid": "113939",
    "spid_carrier_name": "CELLCO PARTNERSHIP DBA VERIZON WIRELESS - CA",
    "spid_carrier_type": "1",
    "state": "Ohio",
    "status": "",
    "tn": "5133823684"
}
```

**From:** Jeff Giles
**Sent:** Tuesday, June 13, 2023 2:26 AM
**To:** Muhammad Usman
**Subject:** More for Robin Black - Please Search Historical DB
**Importance:** High

Muhammad,

Please search the historical DB for: first name: Daryl  last name: Gala

12

> Also, can you tell me what carrier these 2 numbers are...
>
> 6155198324
> 5133823684
>
> Jeff

**RFP 84**.

*Plaintiff:* FII Defendants' response is nonresponsive.

*FII Defendants:* FII Defendants did respond to Plaintiff's Request and continue to have documents that are responsive to it.

**RFP 87.**

*Plaintiff:* Plaintiff seeks agreements between the FII Defendants and any person that provided numbers to the FII Defendants. The FII Defendants' response states that third parties may have information. FII Defendants did not produce any documents. Further, the documents produced by Boomsourcing (that FII Defendants sent to Boomsourcing) show affiliate IDs associated with leads, suggesting third parties provided lead information to the FII Defendants, and that FII Defendants tracked this information.

*FII Defendants:* FII Defendants produced the documents that they had in their last production, and do not currently know any further documents. However, FII Defendants will continue to search for documents and will supplement their production if they find any additional responsive information.

**RFP 88/89**.

*Plaintiff:* FII Defendants' responses are nonresponsive. FII stated that it will supplement but has not done so.

13

*FII Defendants:* The parties only conducted their meet and confer approximately seven days ago. The FII Defendants will supplemental their discovery to RFPs 88 and 89.

**RFP 91.**

*Plaintiff:* Plaintiff seeks the files that contain the phone numbers FII Defendants sent to Boomsourcing to be called. Boomsourcing produced certain files they received from the FII Defendants on February 9, 2021, evidencing that FII Defendants did not associate Plaintiff's phone number with her name or the purported consents Defendant produced. Plaintiff seeks the files that FII Defendant sent to Boomsourcing.

*FII Defendants:* FII Defendants have provided Plaintiff with proof that she signed up for various websites using her phone number and various email addresses. FII Defendants has in fact provided the exact information and time the data was sent to Boomsourcing.

**RFP 93/99.**

*Plaintiff:* Plaintiff seeks the evidence of consent that FII Defendants intend to rely upon in asserting any defenses. Consent is an affirmative defense. FII Defendants have the burden of proof. Plaintiff requests documents that FII Defendants will argue establish consent for Plaintiff and for potential Class members. FII Defendants' response that it will provide an example is not sufficient. Plaintiff objects to FII Defendants' producing only certain records of their own choosing. Plaintiff has requested all such records, but is amenable to a sampling protocol that is fair to both sides. If the parties are to agree to a sampling, Plaintiff is entitled to to have input into the process. For example, Plaintiff would seek consents from the Boomsourcing document that shows Plaintiff's number associated with Daryl Gala and not Plaintiff. Further, FII Defendants

claim they cannot disclose the information (*see* RFP 99). This is not a valid objection because there is a protective order in this case.

*FII Defendants:* Plaintiff continues to claim Defendants are not being truthful but even putting the name Daryl Gala (which no one knows), FII Defendants have shown Plaintiff plenty of evidence of her data into various websites. These additional websites are relevant to help establish whether Plaintiff entered information into other websites for the purposes of initiating a TCPA call.

### *Amended Responses to Plaintiff's Second and Third Set of Discovery Requests*

**RFPs 60-68.**

*Plaintiff:* Plaintiff seeks FII Defendants' website logs that capture information related to leads obtained via youremployment.com. Documents FII Defendants have produced in this case reveal that FII Defendants capture the type of device and browser used when information is obtained via the website youremployment.com. FII Defendants have not produced this information with respect to the three alleged consents. FII Defendants have not explained what types of searches have been performed to obtain this information. This information is relevant to FII Defendants' consent defense.

*FII Defendants:* FII Defendants will provide Plaintiff with an Affidavit of what searches have been done.

**RFPs 69, 70, 72.**

*Plaintiff:* Plaintiff seeks all information associated with the three purported consents FII Defendants claim as to Plaintiff. FII Defendants have refused to produce all information. Plaintiff

15

knows this because there are fields shown in the screenshots FII Defendants provide that have not been produced. In addition, the database or "raw data" has not been produced. FII Defendants continue to produce screenshots that tell only part of the story, presumably in response to unexplained searches conducted by FII on a database, but Plaintiff has requested and should be entitled to the database data itself.

*FII Defendants:* FII has been closed for years so it does not have "raw data" for "youremployment.com" but does have all of Plaintiff's inputted information. Some of the other websites Plaintiff visited are still up and running and that information may be obtained through them. Discovery is ongoing and FII Defendants will reach out to the other websites for raw data from the Plaintiff.

**RFPs 73, 75, 77.**

*Plaintiff:* FII Defendants' response is nonresponsive. Plaintiff seeks documents relevant to determine what input fields in the alleged lead forms were "required fields". This information is relevant to the integrity of the consents produced by Defendants.

*FII Defendants:* FII Defendants provided this information and is unclear on what Plaintiff believes was not produced.

**RFPs 74, 76.**

*Plaintiff:* FII Defendants' response is nonresponsive. Plaintiff seeks the exact lead form allegedly used to capture Plaintiff's information.

*FII Defendants:* FII Defendant produced documents responsive to this request and ot is not clear what additional information Plaintiff believes was not produced.

**RFP 78.**

*Plaintiff:* Plaintiff seeks the database containing the lead instances. Defendants refuse to produce the database and limits its response to screenshots showing search results but no explanation on how the search was conducted. These screenshots only tell part of the story and are not complete.

*FII Defendants:* FII Defendants have never refused to produce any documents in this case. If they have it, it has been turned over.

    c.    **Plaintiff's Discovery Requests to BoomSourcing Defendants**

On June 2, 2023, BoomSourcing Defendants produced an additional production of documents up to and including Boom00114. On June 8, 2023, and June 12, 2023, Plaintiff and BoomSourcing Defendant held meet and confers regarding BoomSourcing Defendants' responses to discovery requests and additional ESI search terms. BoomSourcing has indicated it will respond in writing to the issues raised by Plaintiff by June 22, 2023.

Dated: June 14, 2023

By: s/ Thomas A. Zimmerman, Jr.
    Thomas A. Zimmerman, Jr. (IL #6231944)
    Jeffrey D. Blake
    *tom@attorneyzim.com*
    *jeff@attorneyzim.com*
    ZIMMERMAN LAW OFFICES, P.C.
    77 West Washington Street, Suite 1220
    Chicago, Illinois 60602
    (312) 440-0020 telephone
    www.attorneyzim.com

Max S. Morgan, Esquire (admitted *pro hac vice*) and Eric H. Weitz, Esquire (*pro hac vice* to be filed)
**THE WEITZ FIRM, LLC**
1515 Market Street, #1100
Philadelphia, PA 19102

Respectfully submitted,

By: s/ Cara M. Houck
    Cara M. Houck
    *houck@millercanfield.com*
    Jacob D. Koering
    *koering@millercanfiled.com*
    Miller, Canfield, Paddock and Stone, PLC
    227 West Monroe Street, Suite 3600
    Chicago, IL 60606
    (312) 460-4200

    Counsel for FII Defendants

By: s/
    David J. Kaminski
    *kaminskid@cmtlaw.com*
    Martin Schannong

Tel: (267) 587-6240
*max.morgan@theweitzfirm.com*
*eric.weitz@theweitzfirm.com*

Counsel for Plaintiff Robin Black and the proposed Class

*schannongm@cmtlaw.com*
Carlson & Messer LLP
5901 West Century Boulevard, Suite 1200
Los Angeles, CA 90045
(310) 242-2200

Counsel for BoomSourcing Defendants

40638255.1/160440.00001